UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BLACKSHIRE,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY SHERIFF,<br><br>Defendant. | No.  2:15-cv-1125 KJM DAD PS<br><br><br><br>ORDER |

Plaintiff Patrick Blackshire is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)).  See also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is

1

bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

FED. R. CIV. P. 8(a).

Here, plaintiff's complaint fails to contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of a claim showing that plaintiff is entitled to relief, or a demand for judgment for the relief plaintiff seeks. In this regard, plaintiff's complaint appears to be a one-page complaint form, similar to those provided by courts

1  to prospective plaintiffs as a guide for drafting a complaint.  Although the document identifies the
2  Sacramento County Sheriff as a defendant, the document does not contain any factual allegations,
3  causes of actions or a demand for relief.
4        Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a
5  complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that
6  state the elements of each claim plainly and succinctly.  FED. R. CIV. P. 8(a)(2); Jones v.
7  Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels
8  and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor
9  does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual
10 enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555,
11 557.  A plaintiff must allege with at least some degree of particularity overt acts which the
12 defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.
13       Moreover, jurisdiction is a threshold inquiry that must precede the adjudication of any
14 case before the district court.  Morongo Band of Mission Indians v. Cal. State Bd. of
15 Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited
16 jurisdiction and may adjudicate only those cases authorized by federal law.  Kokkonen v.
17 Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37
18 (1992).  "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears
19 affirmatively from the record.'"  Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting
20 Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).
21       Lack of subject matter jurisdiction may be raised by the court at any time during the
22 proceedings.  Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir.
23 1996).  A federal court "ha[s] an independent obligation to address sua sponte whether [it] has
24 subject-matter jurisdiction."  Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999).  It is the
25 obligation of the district court "to be alert to jurisdictional requirements."  Grupo Dataflux v.
26 Atlas Global Group, L.P., 541 U.S. 567, 593 (2004).  Without jurisdiction, the district court
27 cannot decide the merits of a case or order any relief.  See Morongo, 858 F.2d at 1380.
28 /////

1    The burden of establishing jurisdiction rests upon plaintiff as the party asserting
2    jurisdiction.  Kokkonen, 511 U.S. at 377; see also Hagans v. Lavine, 415 U.S. 528, 543 (1974)
3    (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial,
4    implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy
5    within the jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678, 682-83 (1946)
6    (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly
7    insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of
8    jurisdiction ); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even
9    "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction
10   . . . and may be dismissed sua sponte before service of process.").

11   Accordingly, in light of the deficiencies noted above, plaintiff's complaint will be
12   dismissed for failure to state a cognizable claim.  The undersigned has carefully considered
13   whether plaintiff may amend the complaint to state a claim upon which relief can be granted.
14   "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."
15   California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).
16   See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th
17   Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to
18   allow futile amendments).  However, when evaluating the failure to state a claim, the complaint
19   of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can
20   prove no set of facts in support of his claim which would entitle him to relief.'"  Franklin v.
21   Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521
22   (1972).  See also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro
23   se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of
24   the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d
25   1202, 1203-04 (9th Cir. 1988)).

26   Here, the court cannot yet say that it appears beyond doubt that leave to amend would be
27   futile.  Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted leave to file
28   an amended complaint.  Plaintiff is cautioned, however, that if he elects to file an amended

1  complaint "the tenet that a court must accept as true all of the allegations contained in a complaint
2  is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action,
3  supported by mere conclusory statements, do not suffice."  Ashcroft, 556 U.S. at 678.  "While
4  legal conclusions can provide the complaint's framework, they must be supported by factual
5  allegations."  Id. at 679.  Those facts must be sufficient to push the claims "across the line from
6  conceivable to plausible[.]"  Id. at 680 (quoting Twombly, 550 U.S. at 557).

7       Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an
8  amended complaint complete.  Local Rule 220 requires that any amended complaint be complete
9  in itself without reference to prior pleadings.  The amended complaint will supersede the original
10 complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint,
11 just as if it were the initial complaint filed in the case, each defendant must be listed in the caption
12 and identified in the body of the complaint, and each claim and the involvement of each
13 defendant must be sufficiently alleged.  Any amended complaint which plaintiff may elect to file
14 must also include concise but complete factual allegations describing the conduct and events
15 which underlie plaintiff's claims.

16      Accordingly, IT IS HEREBY ORDERED that:

17      1. The complaint filed May 26, 2015 (Dkt. No. 1) is dismissed with leave to
18 amend.[1]

19      2. Within twenty-eight days from the date of this order, an amended complaint
20 shall be filed that cures the defects noted in this order and complies with the Federal Rules of
21 Civil Procedure and the Local Rules of Practice.[2]  The amended complaint must bear the case
22 number assigned to this action and must be titled "Amended Complaint."
23 /////
24 /////
25

---

26 [1] Plaintiff need not file another application to proceed in forma pauperis at this time unless plaintiff's financial condition has improved since the last such application was submitted.

27

28 [2] Alternatively, if plaintiff no longer wishes to pursue this action he may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

3. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated: September 29, 2015

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\blackshire1125.dism.lta.ord.docx